UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>LONNIE LEROY COFFMAN,<br><br>    Defendant | Criminal Action No. 21-0004 (CKK) |

**ORDER**
(January 13, 2021)

Pursuant to the Due Process Protections Act, PL 116-192, October 21, 2020, 134 Stat. 894, and Local Rule of Criminal Procedure 5.1, this ORDER confirms the disclosure obligation of the government under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law.

(a) Unless the parties otherwise agree and where not prohibited by law, the government shall disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" under *Brady v. Maryland,* 373 U.S. 83, 87 (1963), and that is known to the government. This requirement applies regardless of whether the information would itself constitute admissible evidence. The information, furthermore, shall be produced in a reasonably usable form unless that is impracticable; in such a circumstance, it shall be made available to the defense for inspection and copying. Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case.

(b) The information to be disclosed under (a) includes, but is not limited to:

    (1) Information that is inconsistent with or tends to negate the defendant's guilt as to any element, including identification, of the offense(s) with which the defendant is charged;

    (2) Information that tends to mitigate the charged offense(s) or reduce the potential penalty;

    (3) Information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged;

- (4) Information that casts doubt on the credibility or accuracy of any evidence, including witness testimony, the government anticipates using in its case-in-chief at trial; and

- (5) Impeachment information, which includes but is not limited to: (i) information regarding whether any promise, reward, or inducement has been given by the government to any witness it anticipates calling in its case-in-chief; and (ii) information that identifies all pending criminal cases against, and all criminal convictions of, any such witness.

(c) As impeachment information described in (b)(S) and witness-credibility information described in (b)(4) are dependent on which witnesses the government intends to call at trial, this rule does not require the government to disclose such information before a trial date is set.

(d) In the event the government believes that a disclosure under this rule would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of the requirements of this rule, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

(e) For purposes of this rule, the government includes federal, state, and local law enforcement officers and other government officials who have participated in the investigation and prosecution of the offense(s) with which the defendant is charged. The government has an obligation to seek from these sources all information subject to disclosure under this Rule.

(f) The Court may set specific timelines for disclosure of any information encompassed by this rule.

(g) If the government fails to comply with this rule, the Court, in addition to ordering production of the information, may:

- (1) specify the terms and conditions of such production;
- (2) grant a continuance;
- (3) impose evidentiary sanctions; or
- (4) enter any other order that is just under the circumstances.

**SO ORDERED.**

                                                      /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge