AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.    21-cr-4 (CKK) |
| Lonnie Leroy Coffman ) | |
| ) | |
| *Defendant* | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

    **OR**

    ❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

    ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

    ❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ❏ Subject to lengthy period of incarceration if convicted
    ❏ Prior criminal history
    ❏ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

In this firearms and ammunition case, Defendant requested that he be released pursuant to any conditions the Court would deem necessary.  Specifically, he requested release to his home in Alabama, where he has family nearby.  Defendant emphasized that he is presumed innocent, is a retired veteran, and, at the age of 70, has never been convicted of a crime.  He noted that he is not charged with any acts of violence, including discharging or brandishing a firearm, and that he lawfully possesses a firearm in Alabama.  Defendant also questioned the weight of the evidence, emphasizing that many of the weapons and ammunition underlying his indictment were not found on his person and the government has not offered DNA or fingerprint evidence linking the weapons to him.  Finally, Defendant noted that many of the charges against him are misdemeanors or carry minor sentences.  Defendant also noted that his age and certain underlying health conditions make him more susceptible to COVID-19 and that the D.C. Jail is a bad environment for spread of that disease.

Nature and circumstances of offense(s):

Defendant is charged in a 17-count indictment with firearm and ammunition offenses. On January 6, 2021, a vehicle registered to Defendant was found in close proximity to the U.S. Capitol.  U.S. Capitol Police ("USCP") officers found a small armory inside the Defendant's truck:  (1) a loaded handgun; (2) a loaded rifle; (3) a loaded shotgun; (4) several large capacity ammunition-feeding devices loaded with more than ten rounds of rifle ammunition; (5) hundreds of rounds of ammunition; (6) a crossbow with bolts; (7) several machetes; (8) camouflage smoke devices; (9) a stun gun; (10) 11 mason jars containing a flammable liquid, with a hole punched in the top of each jar; and (11) lighters and rags.  Defendant also had two loaded firearms on his person.  According to the government's proffer, the mixture in the mason jars creates an explosive mixture that has the effect of napalm.  In addition, surveillance images show Defendant in attendance at the events at the Capitol on January 6, 2021, and USCP agents found handwritten notes in Defendant's car, including information about elected representatives, a judge, and a quote attributed to Abraham Lincoln referencing overthrowing the government.  All of this raises significant concerns about Defendant's intentions with respect to weaponry and destructive devices found in the Defendant's truck.  This factor weighs heavily in favor of pretrial detention.

The strength of the government's evidence:

The government's evidence is strong, thus this factor weighs in favor of pretrial detention.  Counsel for the government proffered that (1) Defendant admitted that he possessed the vehicle in which law enforcement agents found numerous weapons and ammunition, (2) he had the keys to that vehicle on his person, and (3) the vehicle was registered in his name.  Defendant also carried two firearms, which the government alleges he was not lawfully able to carry in the District of Columbia.  More, the government proffered that Defendant's statements about the contents of the mason jars suggest he knew about the explosive devices in the vehicle.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Defendant has no prior criminal convictions and there is no evidence of him failing to appear or failing to follow an order of a court. Further, Defendant is a retired veteran, and before retiring maintained steady employment. He also possesses a license to carry at least one firearm in Alabama. Although these factors may weigh in favor of release, the seriousness of the nature and circumstances of the offenses, and the strength of the government's evidence that he committed them, outweigh these characteristics.

The defendant's dangerousness/risk of flight:

The timing of Defendant's travel to D.C., and the handwritten notes found in his vehicle suggest that he came here with the intent to use the cache of firepower found in his vehicle to commit violence against government officials or to assist others in doing so. Given the substantial number of firearms and homemade incendiary devices found in his possession --suggesting a ready access to both --the undersigned has no confidence that any condition or combination of conditions would reasonably assure ensure the safety of the community

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/14/2021

United States Magistrate Judge